IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ONYX ENTERPRISES INT'L, CORP.**, a New Jersey corporation,<br><br>                *Plaintiff*,<br><br>    v.<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC.**, a New Jersey corporation,<br><br>                *Defendant*. | Case No. 3:20-cv-09976 (BRM) (ZNQ) |

### DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant Volkswagen Group of America, Inc. ("VW"), by and through its undersigned counsel, respectfully submits its Answer to the Amended Complaint of Plaintiff Onyx Enterprises Int'l Corp. ("Onyx") as follows:

### ANSWER

### NATURE OF ACTION

1. Admitted that Onyx has filed this action seeking injunctive relief and damages. The remainder of Paragraph 1 is denied.

2. Denied.

3. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 3. To the extent a response is required, denied.

4. VW is not marketing or selling "ID branded products" in the United States. VW lacks information or knowledge sufficient to admit or deny the allegations as to "Onyx's

1

competitors" in the first sentence of Paragraph 4. To the extent a response is required, denied. The remainder of Paragraph 4 is denied.

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

    9.    Denied.

    10.    Denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Admitted that a copy of a draft complaint was provided by counsel for Onyx to counsel for VW on July 22, 2020, and that Onyx filed the instant action. The remainder of Paragraph 15 is denied.

## PARTIES

    16.    VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 16.

    17.    Admitted that VW is a New Jersey corporation with a place of business at 2200 Ferdinand Porsche Drive, Herndon, VA, 20171-6243.

## JURISDICTION & VENUE

    18.    Paragraph 18 states a legal conclusion to which no response is required.

19. Denied as to the allegation that VW "committed tortious acts." The remainder of Paragraph 19 states a legal conclusion to which no response is required.

20. Denied as to the allegation that VW "committed substantial acts of infringement, as well as acts of unfair competition and deceptive trade practices." The remainder of Paragraph 20 states a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

21. Denied.

22. VW lacks information or knowledge sufficient to admit or deny the allegation that "Onyx is a pure online retailer," or to admit or deny the accuracy of the "screen shot." To the extent a response is required, denied. The remainder of Paragraph 22 is denied.

23. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 23. To the extent a response is required, denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied as to the allegation that Onyx launched an "iD® platform" in 2008. VW lacks information or knowledge sufficient to admit or deny the remainder of the allegations in Paragraph 27. To the extent a response is required, denied.

28. Denied.

29. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 29. To the extent a response is required, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted that Onyx registered the marks listed in Paragraph 38. The remainder of Paragraph 38 is denied.

39. Denied.

40. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 40. To the extent a response is required, denied.

41. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 41. To the extent a response is required, denied.

42. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 42. To the extent a response is required, denied.

43. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 43. To the extent a response is required, denied.

44. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 44. To the extent a response is required, denied.

45. Denied.

46. Admitted that Onyx is the registered owner of federal trademark Reg. No. 5658672. The remainder of Paragraph 46 is denied.

47. Admitted that Onyx is the registered owner of federal trademark Reg. No. 5804750.

48. Admitted as to the first sentence of Paragraph 48. The remainder of Paragraph 48 is denied.

49. Admitted that Onyx is the registered owner of federal trademark Reg. No. 3711746. The remainder of Paragraph 49 is denied.

50. Denied.

51. Admitted that Onyx is the registered owner of the federal trademark applications and registrations listed in Paragraph 51; otherwise denied.

52. Denied.

53. Denied.

54. Admitted that Onyx filed the actions listed in Paragraph 54. The remainder of Paragraph 54 is denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. To the extent that Paragraph 74 purports to describe the contents of documents, the documents speak for themselves, and VW denies the allegations to the extent they are inconsistent with those documents.

75. To the extent that Paragraph 75 purports to describe the contents of documents, the documents speak for themselves, and VW denies the allegations to the extent they are inconsistent with those documents. VW lacks information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 75. To the extent a response is required, denied.

76. Denied.

77. Admitted that Onyx's Application Serial No. 86253327 registered on January 22, 2019 as U.S. Registration No. 5658672. The remainder of Paragraph 77 is denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. VW markets its vehicles to customers and sells its vehicles directly to dealers. VW sells parts to dealers. VW does not sell parts to Onyx or other (non-dealer) third parties. VW lacks information or knowledge sufficient to admit or deny the allegations in the last sentence of Paragraph 83. To the extent a response is required, denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. To the extent that Paragraph 96 purports to describe the contents of documents, the documents speak for themselves, and VW denies the allegations to the extent they are inconsistent with those documents; otherwise denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. VW lacks information or knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 104. To the extent a response is required, denied. The remainder of Paragraph 104 is denied.

105. Denied.

106. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 106. To the extent a response is required, denied.

107. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 107. To the extent a response is required, denied.

108. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 108. To the extent a response is required, denied.

109. Denied that VW exhibited at the 2018 SEMA show. VW lacks information or knowledge sufficient to admit or deny the remainder of Paragraph 109. To the extent a response is required, denied.

110. VW and Audi shared a small booth at the 2019 SEMA trade show and displayed the listed vehicles in Paragraph 110.

111. Admitted.

112. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 112. To the extent a response is required, denied.

113. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 113. To the extent a response is required, denied.

114. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 114. To the extent a response is required, denied.

115. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 115. To the extent a response is required, denied.

116. Denied as to the allegation that "the VW ID" is a product to be launched in the United States or that there is a "VW ID family of vehicles" for the United States. VW lacks information or knowledge sufficient to admit or deny the remainder of the allegations in Paragraph 116. To the extent a response is required, denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 125. To the extent a response is required, denied.

126. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 126. To the extent a response is required, denied.

127. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 127. To the extent a response is required, denied.

128. VW lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 128. To the extent a response is required, denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. The Volkswagen ID.3 is not a vehicle that will be released in the United States by VW. VW therefore lacks information or knowledge sufficient to admit or deny allegations concerning the ID.3 vehicle.

140. The Volkswagen ID.3 is not a vehicle that will be released in the United States by VW. VW therefore lacks information or knowledge sufficient to admit or deny allegations concerning the ID.3 vehicle.

141. Denied.

142. Denied.

143. Admitted that VW enforces its trademarks.

144. To the extent that Paragraph 144 purports to describe the contents of a document, the document speaks for itself, and VW denies the allegations to the extent they are inconsistent with that document.

145. To the extent that Paragraph 145 purports to describe the contents of a document, the document speaks for itself, and VW denies the allegations to the extent they are inconsistent with that document.

146. To the extent that Paragraph 146 purports to describe the contents of a document, the document speaks for itself, and VW denies the allegations to the extent they are inconsistent with that document.

147. Denied.

148. Denied.

149. Denied.

150. To the extent that Paragraph 150 purports to describe the contents of documents, the documents speak for themselves; otherwise denied.

151. Denied.

152. Denied.

## COUNT I
### Alleged Federal Trademark Infringement (15 U.S.C. § 1114)

153. VW incorporates its previous responses as if fully set forth herein.

154. Admitted that Onyx purports to have a cause of action under § 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

## COUNT II
### Alleged Federal Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1125(A))

168. VW incorporates its previous responses as if fully set forth herein.

169. Admitted that Onyx purports to have a cause of action under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq*.

170. Denied.

171. VW lacks information or knowledge sufficient to admit or deny the allegations regarding Onyx's intentions. To the extent a response is required, denied. The remainder of Paragraph 171 is denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

## COUNT III
### Alleged Trademark Infringement
### (N.J. Stat. §§ 56:3-13.13-13.20  )

183. VW incorporates its previous responses as if fully set forth herein.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

## COUNT IV
### Alleged Unfair Competition (N.J. Stat. §§ 56:4-1 – 4-2)

192. VW incorporates its previous responses as if fully set forth herein.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

## COUNT V
**Alleged Unfair Competition (New Jersey Common Law)**

205. VW incorporates its previous responses as if fully set forth herein.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

## COUNT VI
### Cancellation of Registrations
### Under the Lanham Act, 15 U.S.C. § 1119

216. VW incorporates its previous responses as if fully set forth herein.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Admitted that Onyx purports to seek cancellation of the Reg. Nos. listed in Paragraph 217; otherwise denied.

## AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by laches.

Respectfully submitted,

Dated: October 8, 2020  
Newark, New Jersey

By: s/ Peter J. Torcicollo  
Peter J. Torcicollo, Esq.  
Kate E. Janukowicz, Esq.  
**GIBBONS P.C.**  
One Gateway Center  
Newark, New Jersey 07102-5310  
Telephone: (973) 596-4500  
torcicollo@gibbonslaw.com  
kjanukowicz@gibbonslaw.com  

- and –

Susan A. Smith*  
Aimee Soucie*  
William Merone**  
Katherine Dennis*  
**HUNTON ANDREWS KURTH LLP**  
2200 Pennsylvania Avenue, NW

Washington, DC 20037  
(202) 955-1500 Phone  
(202) 778-2201 Fax  
ssmith@hunton.com  
asoucie@hunton.com  
wmerone@hunton.com  
kdennis@hunton.com  

*pro hac vice* pending  
**pro hac vice* forthcoming  

*Counsel for Volkswagen Group of America, Inc.*