<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONYX ENTERPRISES INT'L CORP.<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. | Case No. 3:20-cv-09976 (BRM) (ZNQ)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Defendants Volkswagen Group of America Inc.'s ("VW") motion to stay (ECF No. 19)[1] the D.N.J. litigation initiated by Plaintiff Onyx Enterprises International Corporation ("Onyx") pending adjudication of other judicial proceedings—namely, *PARTS ID, LLC v. IDParts LLC*, No. 20-cv-11253 (D. Mass), which relates to the alleged use by VW of Onyx's house mark iD® (ECF No. 9) and the validity of Onyx's trademark (ECF No. 19 at 2). Onyx filed a brief in opposition to the motion to stay. (ECF No. 29.) VW filed a reply brief to Onyx's opposition (ECF No. 35), and both parties filed supplemental briefs following oral argument (ECF Nos. 46 & 47). Having reviewed the submissions filed in connection with the motion and having held oral argument on February 9, 2021, pursuant to Federal Rule of Civil Procedure 78(a), for the reasons set forth below and for good cause appearing, Onyx's motion is **GRANTED**.

---

[1] Case numbers and ECF numbers refer to the DNJ dockets unless otherwise stated.

## I. BACKGROUND

### A. Factual Background

VW seeks a motion to stay the proceedings until "adjudication of *PARTS ID, LLC v. IDParts LLC*, No. 20-cv-11253 (D. Mass)." (ECF No. 19 at 2.) The case arises out of an action by Onyx for Federal Trademark Infringement in Violation of 15. U.S.C. § 1114, Federal Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15. U.S.C. § 1125(A), and complementary New Jersey state law claims. (ECF No. 9 at 75, 77, 80, 82.) Onyx alleged that VW "without Onyx's consent" used "in commerce designations that are copies or colorable imitations of Onyx's iD marks®" specifically Registration Nos. 5804750 and 5658672 (collectively "Reg. Nos. 672 and 750") as part of claim 157. (ECF No. 9 at 75.) The complaint also alleges that VW used Registration Nos. 3711746 ("Reg. No. 746"), 5787890, 5787889, and 5787891 as part of claim 158. (*Id.*) Reg. Nos. 746, 672, 750 are all implicated in the Massachusetts court proceeding. (ECF No. 46-1 at 45, 48).

### B. Procedural History

On June 30, 2020, Onyx filed a complaint in the United States District Court for the District of Massachusetts against IDParts LLC ("IDParts"), and, on August 14, 2020, filed an amended complaint alleging trademark infringement, unfair competition, and false designation of origin for use of Onyx's iD marks®. *Onyx*, D. Mass. Case No. 20-cv-11253 (ECF Nos. 1 & 14). On August 28, 2020, IDParts filed its answer and a counterclaim against Onyx claiming valid common law rights in the ID mark which IDParts allegedly used prior to Onyx's first use, specifically challenging Reg. Nos. 672 and 750. *Onyx*, D. Mass. Case No. 20-cv-11253 (ECF No. 15 at 47–49).

On August 3, 2020, Onyx filed a complaint in the District of New Jersey against VW. (ECF No. 1.) On September 1, 2020, Onyx filed an amended complaint against VW for the plan to manufacture, distribute, sell, and import a new line of automobiles that will be branded "ID." (ECF No. 9 at 3.) On October 10, 2020, VW, filed an answer to the amended complaint and a motion to stay. (ECF Nos. 17 & 19.) On November 2, 2020, Onyx filed a brief in opposition to the motion to stay. (ECF No. 29.) On November 16, 2020, VW filed a reply brief to Onyx's opposition to the motion to stay. (ECF No. 35.) On December 18, 2020, Magistrate Judge Zahid N. Quraishi adjourned the Rule 16 conference and stayed all discovery pending the decision on the motion to stay. (ECF No. 41.)

On September 21, 2020, IDParts filed a Petition for Cancellation with the United States Patent and Trademark Office before the Trademark Trial and Appeal Board ("TTAB") for Reg. Nos. 672 and 750, as well as Registration No. 6,096,254. *IDParts LLC v. Onyx Enters. Int'l, Corp.*, Petition for Cancellation, Proceeding No. 92075279 (TTAB). On November 1, 2020, Onyx filed a motion to suspend pending the proceedings before the District of Massachusetts, *Onyx*, D. Mass. Case No. 20-cv-11253. (*Id.*)

On February 9, 2021, during oral argument, the parties advised this Court that the Massachusetts matter has a trial date for October 18, 2021. (ECF No. 46-1 at 5.) Additionally, IDParts added the TTAB claims to cancel Onyx's trademark registration to the Massachusetts case. (ECF No. 44 at 4.)  PARTS iD acquired Onyx after the briefs were filed, and the company is now known as PARTS iD.[2] (ECF No. 44 at 5.)

On February 19, 2021, both parties filed supplementary briefs concerning the motion to stay. (ECF Nos. 46 & 47.) Onyx requests that the Court move forward with fact discovery to

---

[2] Nevertheless, the Court will continue to refer to Plaintiff as Onyx for purposes of this decision.

conclude by October 1, 2021. (ECF No. 46 at 2.) Onyx argues that even if the Massachusetts court finds partial cancellation is warranted, it will not end the action against IDParts or VW. (*Id.*) Further, regardless of the outcome in Massachusetts, Onyx posits that the fact discovery will be the same, particularly that the information requested concerning VW's selection, development, and use of ID for products. (*Id.*) However, Onyx acknowledges that the decision in the Massachusetts proceeding could impact expert discovery and summary judgment. (*Id.* at 3.) Onyx further argues that since IDParts is not challenging Reg. Nos. 3711746, 6100524, (collectively "Reg. Nos. 746 and 524") or Onyx's common law rights so VW will still need to address these challenges. (*Id.* at 4.) However, Onyx brought claims against IDParts related to Reg. Nos. 3711746, 5658672, 5804750, 6096254, and 6100524 as well as the common law rights (ECF No. 46-1 at 45, 48), suggesting that the Massachusetts case may resolve those claims in a way that makes their consideration before this court unnecessary.

VW contends that the Massachusetts proceeding will simplify or dispose of the ID (Reg, Nos. 672, 750 (ECF No. 46-1 at 40)) and clarify the scope of the CARID (Reg. Nos. 524, 746 (ECF No. 46-1 at 39)) registrations. (ECF No. 47 at 3.) If the Massachusetts case determines that ID is no longer a claim available to Onyx then that will greatly reduce the need for fact discovery. (*Id.*) VW also argues that this finding concerning ID could similarly reduce expert discovery, deposition, and summary judgment. (*Id.*) VW contends a decision on CARID, such as a determination that CARID is a separate mark from ID, could similarly narrow the discovery and motions for this case. (*Id.*) VW also claims the October 18, 2021 trial date in Massachusetts and the removal of the TTAB claims to the Massachusetts case creates a short duration of waiting that will prevent the court from duplicating resources and wasting time. (*Id.*)

## II. LEGAL STANDARD

District courts have broad authority to stay proceedings. *Bechtel Corp. v. Local 215 Laborers' Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3rd Cir. 1976). The authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for [the court], for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 245, 254–55 (1936)). The question of how best to balance the docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* Further, the party seeking the stay has the burden to show that a stay is appropriate. *Landis*, 299 U.S. at 254. The party seeking the stay must also show "a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party." *Id.* at 254–55.

Generally, when considering whether a stay is appropriate courts will weigh a number of factors including: if inequity will result if the stay is not granted; if the non-moving party will be harmed or prejudiced; and judicial efficiency—which includes evaluating if a stay will simplify the issues and if the case is in the early stages of litigation. *Tigercat Int'l, Inc. v. Caterpillar Inc.*, No. 16-cv-1047, 2018 WL 2049816, at *2 (D. Del. May 2, 2018); *see also Iowa Network Servs., Inc. v. AT&T Corp.*, No. 3:14-cv-3439, 2019 WL 4861348, at *6 (D.N.J. Oct. 2., 2019) (dividing the factors into four asking (1) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case, and (4) whether discovery is complete and/or a trial date has been set").

"A stay is particularly appropriate and within the court's 'sound discretion' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case

pending before the district court." *MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at * 4 (D.N.J. Oct. 15, 2009) (citing *Bechtel Corp.*, 544 F.2d at 1215). The aforementioned practice is particularly true when the other proceeding is in another federal court. *Id.*; *see also Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (asserting when there is concurrent jurisdiction between federal district courts "the general principle is to avoid duplicative litigation").

### III. DECISION

Having considered the arguments of the parties in light of the factors used to determine whether a stay is appropriate, the Court finds the factors favor granting the motion to stay. The Court addresses each factor in turn below.

### A. Granting the motion to stay would not unduly prejudice, harm, or present a clear tactical disadvantage to Onyx.

Onyx argues the company will face irreparable harm if the stay is granted because it will lose control of its brand, lose visibility in website searches, and pay more for marketing and advertising, as VW will be able to continue advertising and selling its product. (ECF No. 29 at 27–29). The Court disagrees.

In *Tigercat Int'l*, the court found a similar argument unpersuasive because there was no evidence in the record to support plaintiff Tigercat's allegation. *Tigercat Int'l*, 2018 WL 2049816, at *5. Tigercat argued defendant's infringement created a cloud over the Tigercat mark but did not present any evidence of the negative impact of the "cloud" instead presenting "conclusory statements that it will suffer harm." *Id.* Onyx here does the same, citing only to the beliefs and opinions of the Interim General Manager regarding the harm that will allegedly befall Onyx because of VW's use of ID, but without citing to any numbers or statistics of impact. (Decl. of Interim GM, ECF No. 29-2.)

6

Onyx argues that, as time goes on, it will suffer more harm because VW will gain a larger share of the online market. (*Id.* at 3–4.) The fact that this harm will be exacerbated by a delay in the proceedings is not sufficient to warrant denying the stay. *See Iowa Network Services*, 2019 WL 4861438 at *6 (deciding "mere delay does not without more necessitate a finding of undue prejudice and clear tactical disadvantage"); *but see Nutraquest Inc. v. All Am. Pharm. & Nat. Foods Corp.*, No. 06-186, 2007 WL 121448, at * 5 (D.N.J. Jan. 11, 2007) (finding a stay was not appropriate where nonmovant would face harm because movant continues to use potentially infringing mark as time passes and movant did not articulate how not receiving a stay would cause hardship). Here, even though Onyx claims the continued use would cause hardship given that VW would receive a larger share of the market, VW's claim indicating harm due to potentially duplicative or unnecessary discovery weighs in favor of the stay.

Finally, any possible prejudice Onyx claims is outweighed by the judicial efficiency that will be gained by waiting for the Massachusetts case to be determined as it concerns the validity of the use of Reg. Nos. 672 and 750 as well as Reg. Nos. 746 and 524, marks implicated in the case before the court. *Sabert Corp. v. Waddington N. Am., Inc.*, No. 06-5423, 2007 WL 2705157, at *7 (D.N.J. Sept. 14, 2007) (finding the prejudice to the plaintiff was outweighed by benefits that may be gained by awaiting determination of reexamination of a patent such as narrowing of discovery or clarifying the issues before the court). Because Onyx does not cite any explicit examples or data providing evidence of hardship, and the matter is in another federal court, the judicial efficiency outweighs potential harm to Onyx and therefore leans toward granting the motion to stay.

### B. Denial of the stay would create hardship or inequity for VW.

VW asserts that the costs of continuing with the case would present a hardship because the time and resources needed to litigate would be high. (ECF No. 19-1 at 11.) Whether litigation expenses are a sufficient hardship to warrant granting a motion to stay varies based on the unique facts of the case.

The court found avoidance of litigation expenses alone was not the type of hardship or inequity that warrants a stay when the other litigation outcome would not greatly impact the case before the Court. *SEFAC S.A. v. SEFAC, Inc.*, No. 15-3406, 2015 WL 6103267, at *4 (E.D. Pa. Oct. 16, 2015) (finding that litigation expenses did not warrant a stay because three of the four claims were not before the TTAB therefore the outcome would have a limited impact on the case before the court). The court also deemed litigation expenses inadequate to establish hardship or inequity where the movant primarily focused on the hardship it would face in the other proceeding and only mentioned litigation costs as a hardship for not granting the stay before the court. *Nussbaum v. Diversified Consultants*, No. 15-600, 2015 WL 5707147 at *2 (D.N.J. Sept. 28, 2015). Further, the court found the litigation expenses were an incidental burden and not a hardship or inequity where the movant conceded that plaintiff's claims before the court will not be impacted by the outcome of the other proceeding. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 448 (D.N.J. 2014).

But when the hardship of litigation expense and time is for a case that may be unnecessary after the findings of the other proceeding, those litigation expenses establish the requisite hardship. *Cable Sys. Installations Corp. v. Int'l Bhd. of Elec. Workers Local Union No. 351*, No. 12-7407, 2015 WL 13650366, at *3 (D.N.J. Mar. 30, 2015) (finding the possibility the other decision concerning the parties would be vacated and thus make this litigation unnecessary warranted

8

granting the stay). Further, in a case concerning an anti-trust dispute where a lot of discovery would be required, the court found discovery costs were a specific and substantial harm to the movant. *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013).

The court indicated that if there is no harm to the nonmovant than the movant may not need to show hardship or inequity. *Cable Sys. Installations Corp.*, 2015 WL 13650366, at *3 (finding inequity of the movant was met even though unnecessary because of no corresponding harm to nonmovant). Here, it is less clear that Onyx will not face harm, therefore, the hardship of VW should still be considered.

Because the Massachusetts district court decision may invalidate Onyx's mark concerning Reg. Nos. 672, and 750 and determine whether CARID is a separate mark regarding Reg. Nos. 746 and 524, the litigation of this matter may become unnecessary. VW addressed how the denial of a stay could lead to duplicative or unnecessary discovery for the specific claims before this Court and how the costs of discovery cause harm, therefore distinguishing from the cases finding litigation expenses are not appropriate hardship. Because this case will be, in some way, shaped by the other proceedings, the litigation expenses can be deemed a valid hardship.

### C. Judicial Efficiency

Judicial efficiency weighs in favor of granting the motion to stay because the Massachusetts proceedings will likely simplify the case and the proceeding before this Court has not set a schedule or completed any discovery.

#### 1. A stay could simplify the issues concerning trademark infringement of Reg. Nos. 672 and 750 as well as Reg. Nos. 746 and 524 before the court.

When the issues of another proceeding are "substantially similar" to those before the court, judicial efficiency weighs in favor of granting a motion to stay. *Iowa Network Services*, 2019 WL

4861438 at *7; *see also Alsoy v. Çiçeksepeti Internet Hizmetleri Anonim Sirketi*, 232 F. Supp. 3d 613, 621 (D. Del. 2017) (deciding the determinative question was whether the other litigation was likely to dispose of aspects of the claim before the court). Here, given that Onyx's proper ownership and subsequent rights concerning Reg. Nos. 672 and 750 as well as Reg. Nos. 746 and 524 are before this Court and the District of Massachusetts it indicates that a decision on that matter would simplify the issue before the court. *See Tigercat Int'l*, 2018 WL 2049816 at *4, (finding the similarity of the issues before the court and the other proceeding as well as the advanced nature of the other proceeding indicated the outcome would help the court determine the issues and a stay was appropriate).

Additionally, the party moving for a stay has the burden of showing the stay would simplify the issues for trial by reducing or removing the need for discovery. *Actelion Pharms.,* 2013 WL 5524078, at *5 (citing *Weisman v. Mediq, Inc.,* No. 95–1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (finding a stay is generally appropriate when a pending motion to dismiss could narrow or eliminate discovery). Here, VW has delineated how the Massachusetts litigation regardless of how it is resolved will impact the case. (ECF No. 35 at 6.) "Massachusetts district court could enjoin plaintiff (mooting this action in full); it could cancel Plaintiff's registration (mooting this action in part); it could cancel Plaintiff's registrations (mooting this action in part); it could enjoin IDParts (supporting Plaintiff's view); or it could hold that it does not matter which party has priority because there is no likelihood of confusion (confirming it is a crowded field)." (*Id.* at 6-7). This delineation suggests that VW has met the burden.

Further, the Court has discretion to hold one lawsuit in "abeyance pending the outcome of another lawsuit" which may substantially impact or determine issues in the lawsuit where the stay is requested. *Bechtel Corp.*, 544 F.2d at 1215. As discussed above, VW has delineated how

the outcome of the Massachusetts district court case can substantially influence or make moot the proceedings before this court. (ECF No. 35 at 6-7). This is also seen in *Cable Sys. Installations Corp.*, where the court determined if the other proceeding is vacated it "more than simplifies the issues it will render litigation" moot. *Cable Sys. Installations Corp. v. Int'l Brotherhood of Elec. Workers Local Union No. 351*, 2015 WL 13650366, at *3.

The case before the court is similar to *Shaf Int'l, Inc. v. Ultimate Leather, Apparel, Inc.*, where the court found judicial efficiency promoted the use of a stay, because a TTAB proceeding could dispose of one or more claims before the court. *Shaf Int'l, Inc. v. Ultimate Leather, Apparel, Inc.*, No. 20-2569, 2020 WL 7137929, at * 2 (D.N.J. Dec. 7, 2020) (finding TTAB defining the scope of the marks could be dispositive of the infringement case before the court). Similarly, here, the decision of the Massachusetts district court will determine if Onyx has a valid claim under Reg. Nos. 672 and 750 as well as Reg. Nos. 746 and 524 and therefore can determine whether there was a valid mark for VW to infringe as well as defining the scope of the CARID mark. The Massachusetts proceedings will impact the scope of the marks for consideration before this court indicating a stay is appropriate.

### 2. Because discovery has been stayed until the court grants or denies the motion to stay and there has been no trial date set, it favors granting the motion to stay.

The stage of litigation is one of the most influential factors when deciding a motion to stay. *Sabert Corp.*, 2007 WL 2705157, at *7. Here, discovery has been stayed until this motion is decided and no trial date has been set, suggesting this factor weighs in favor of granting the motion to stay. (ECF No. 41.) *See also Iowa Network*, 2019 WL 4861438 at *7 (finding even though the case has been on the docket for nearly five years, the lack of discovery and the fact the majority of the documents on the docket related to the stay weighed in favor of continuing the stay).

The lack of discovery conducted here is less than boundaries courts previously set when granting a motion to stay. *See Cable Sys. Installations Corp.*, 2015 WL 13650366, at *4 (finding since written discovery received no response, judicial efficiency favored the stay); *Tigercat Int'l*, 2018 WL 2049816, at * 3 (deciding very limited discovery and no trial date weighed in favor of a motion to stay); *Sabert*, 2007 WL 2705157 at *7 (finding because the stay was requested before discovery or trial complications could arise it weighed in favor of granting the motion)*; Va. Sur. Co. v. Moreira*, No. 08-5586, 2011 WL 13238625, at * 2 (D.N.J. Nov. 14, 2011).

While Onyx delineates the lengthy relationship between VW and Onyx concerning the marks, the proper activity period for consideration is the timeline of the proceedings before the specific court. (ECF No. 29 at 17–18.) *See also Genetic Techs. Ltd. v. Med. Diagnostic Labs.*, LLC, No. 12-6053, 2013 WL 204718, at *5 (D.N.J. Jan. 17, 2013) (holding "the very early stage of *these* proceedings strongly favors granting a stay in this matter") (emphasis added). The lack of litigation for this case weighs in favor of granting the motion to stay especially considering the schedule for the Massachusetts case sets the trial for October 18, 2021.

### IV. CONCLUSION

For the reasons set forth above, the factors weigh in favor of granting VW's request, and the motion to stay is **GRANTED**.

Date: April 9, 2021  /s/Brian R. Martinotti
 **HON. BRIAN R. MARTINOTTI**
 UNITED STATES DISTRICT JUDGE